IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MARIA ORTIZ, | ) | |
| | ) | |
| Plaintiff, | ) | CASE NO. 07CV6733 |
| | ) | |
| vs. | ) | |
| | ) | Judge Gettleman |
| EQUIFAX INFORMATION SERVICES, INC., | ) | |
| UNIFUND, INC., | ) | Magistrate Judge Cole |
| | ) | |
| Defendants. | ) | |

**DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S
ANSWER AND DEFENSES TO COMPLAINT**

NOW COMES Defendant **EQUIFAX INFORMATION SERVICES, LLC** (incorrectly sued as "Equifax Information Services, Inc.") ("Equifax"), by its attorneys POLSINELLI SHALTON FLANIGAN SUELTHAUS PC and KING & SPALDING LLP, and answering Plaintiff's Complaint, states as follows:

**ANSWER**

**I. Preliminary Statement**

1.      This is an action for damages brought by an individual consumer against the Defendant for violations of the Fair Credit Reporting Act (hereafter the "FCRA"), 15 U.S.C. §1681 *et seq., as amended*.

**RESPONSE:**      Equifax admits that Plaintiff brings this action for purported damages and alleged violations of the Fair Credit Reporting Act ("FCRA"), 15 USC §1681, *et seq.,* all of which Equifax denies any liability.

**II. Jurisdiction and Venue**

2. Jurisdiction of this Court arises under 15 U.S.C. §1681p, 28 U.S.C. §1331, 1337. Venue lies properly in this district pursuant to 28 U.S.C. §1391(b).

**RESPONSE:** To the extent that Plaintiff can maintain this action, which Equifax denies, it admits that jurisdiction is proper in this Court.

### III. Parties

3. Plaintiff, Maria Ortiz, is an adult individual and citizen of the State of New Jersey.

**RESPONSE:** Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of Plaintiff's Complaint.

4. Defendant, Equifax Information Services, Inc., is a business entity that regularly conducts business throughout every state and county in the United States and as a corporation that does business in the state of Illinois, is a citizen of the state of Illinois.

**RESPONSE:** Equifax admits the allegations contained in Paragraph 4 of Plaintiff's Complaint.

5. Defendant, Unifund, Inc., is a business entity that regularly conducts business in all cities and counties in the United States, and is a corporation whose principal place of business is located in Cincinnati, OH. At all relevant times herein, Unifund, Inc., LLC acted as a debt collector within the meaning of 15 U.S.C. § 1692a(6) in that it held itself out to be a company collecting a debt allegedly owed to Orchard Bank/HSBC.

**RESPONSE:** Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of Plaintiff's Complaint.

### IV. Allegations

**COUNT ONE**

**VIOLATIONS OF FCRA v. EQUIFAX INFORMATION SERVICES, INC.**

6. Defendant has been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to third parties (hereafter the "inaccurate information").

**RESPONSE:** Equifax denies the allegations contained in the Paragraph 6 of Plaintiff's Complaint.

7. The inaccurate information of which Plaintiff complains is an accounts or tradeline, named Unifund, Inc. Plaintiff asserts that the accounts do not belong to Plaintiff and that she has never had an account with the underlying creditor. Defendant has disseminated credit reports and/or information that the accounts are reported accurately as belonging to Plaintiff.

**RESPONSE:** Equifax denies that it has disseminated any inaccurate information pertaining to Plaintiff.

8. The inaccurate information negatively reflects upon the Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's credit worthiness.

**RESPONSE:** Equifax denies the allegations contained in Paragraph 8 of Plaintiff's Complaint.

9. The credit reports have been and continue to be disseminated to various persons and credit grantors, both known and unknown.

**RESPONSE:**     Equifax denies the allegations contained in Paragraph 9 of Plaintiff's Complaint.

10.     In early August of 2007, Plaintiff first disputed the inaccurate information with Defendant by written communication to its representatives and by following Defendant's established procedure for disputing consumer credit information.

**RESPONSE:**     With respect to the allegations in Paragraph 10 of Plaintiff's Complaint, Equifax admits that Plaintiff disputed a Unifund, Inc. account in August 2007.

11.     Notwithstanding Plaintiff's efforts, Defendant sent Plaintiff correspondence indicating its intent to continue publishing the inaccurate information and Defendant continued to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors.

**RESPONSE:**     Equifax denies the allegations contained in Paragraph 11 of Plaintiff's Complaint.

12.     Despite Plaintiff's efforts to date, Defendant has nonetheless deliberately, willfully, intentionally, recklessly and negligently repeatedly failed to perform reasonable reinvestigations of the above disputes as required by the FCRA, has failed to remove the inaccurate information, has failed to note the disputed status of the inaccurate information and has continued to report the derogatory inaccurate information about Plaintiff.

**RESPONSE:**     Equifax denies the allegations contained in Paragraph 12 of Plaintiff's Complaint.

13.     Plaintiff has been damaged, and continues to be damaged, in the following ways:

   a. Out of pocket expenses associated with disputing the information only to find the information to remain on the credit report;

   b. Emotional distress and mental anguish associated with having incorrect derogatory personal information transmitted about Plaintiff to other people both known and unknown;

   c. Decreased credit score which may result in inability to obtain credit on future attempts.

**RESPONSE:** Equifax denies the allegations contained in Paragraph 13 of Plaintiff's Complaint.

14. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of Defendant herein.

**RESPONSE:** Equifax denies the allegations contained in Paragraph 14 of Plaintiff's Complaint.

15. At all times pertinent hereto, the conduct of Defendant, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of Plaintiff herein.

**RESPONSE:** Equifax denies the allegations contained in Paragraph 15 of Plaintiff's Complaint.

16. At all times pertinent, Defendant was a "persons" and "consumer reporting agency" as those terms are defined by 15 U.S.C. §1681a(b) and (f).

**RESPONSE:** Equifax admits the allegations contained in Paragraph 16 of Plaintiff's Complaint.

17. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

**RESPONSE:** Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of Plaintiff's Complaint.

18. At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

**RESPONSE:** Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of Plaintiff's Complaint.

19. Pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o, Defendant is liable to Plaintiff for engaging in the following conduct:

(a) willfully and negligently failing to conduct a proper and reasonable reinvestigation concerning the inaccurate information after receiving notice of the dispute from Plaintiff, in violation of 15 U.S.C. §1681i(a);

(b) willfully and negligently failing to provide all relevant information provided by Plaintiff regarding the dispute of the inaccurate information to the furnishing entities, in violation of 15 U.S.C. §1681i(a);

(c) willfully and negligently failing to review and consider all relevant information submitted by Plaintiff concerning the dispute of the inaccurate information, in violation of 15 U.S.C. §1681i(a);

(d) willfully and negligently failing to delete the inaccurate information from Plaintiff's credit file after reinvestigation, in violation of 15 U.S.C. §1681i(a);

(e) willfully and negligently failing to note Plaintiff's dispute of the inaccurate information and in subsequent consumer reports, in violation of 15 U.S.C. §1681i(c);

(f) willfully and negligently failing to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, information and file, in violation of 15 U.S.C. §1681e(b).

**RESPONSE:**    Equifax denies the allegations contained in Paragraph 19 of Plaintiff's Complaint.

20.    The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the injuries, damages and harm to the Plaintiff that are outlined more fully above, and as a result, defendant is liable to the Plaintiff for the full amount of statutory, actual and punitive damages, along with attorneys' fees and the costs of litigation, as well as such other relief, as may be permitted by law.

**RESPONSE:**    Equifax denies the allegations contained in  Paragraph 20 of Plaintiff's Complaint.

## COUNT TWO

## VIOLATIONS OF FCRA v. UNIFUND, INC.

21.    Plaintiff re-alleges and incorporates the foregoing paragraphs as if fully set forth herein.

**RESPONSE:**    Responding to the allegations contained in Paragraph 21 of Plaintiff's Complaint, Defendant Equifax reasserts and realleges its answers and responses set forth herein.

22.     At all times pertinent hereto, this Defendant was a "person" as that term defined by 15 U.S.C. §1681(a)(b).

**RESPONSE:**     No response is required from Equifax to Paragraph 22 of Plaintiff's Complaint as this Paragraph is not directed at Equifax and Equifax lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein. To the extent that any allegation in Paragraph 22 can be construed to relate to Equifax, those allegations are denied.

23.     Upon information and belief, within five (5) days of Plaintiff notifying the aforementioned credit reporting agency, said agency notified Defendant of Plaintiff's dispute and the nature of the dispute.

**RESPONSE:**     No response is required from Equifax to Paragraph 23 of Plaintiff's Complaint as this Paragraph is not directed at Equifax and Equifax lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein. To the extent that any allegation in Paragraph 23 can be construed to relate to Equifax, those allegations are denied.

24.     Defendant then and there owed to Plaintiff a duty to assist the credit reporting agency in a re-investigation into the disputed facts that are being reported about Plaintiff.

**RESPONSE:**     No response is required from Equifax to Paragraph 24 of Plaintiff's Complaint as this Paragraph is not directed at Equifax and Equifax lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein. To the extent that any allegation in Paragraph 24 can be construed to relate to Equifax, those allegations are denied.

25.     Notwithstanding Plaintiff's efforts and Defendant's duties, Defendant continued publishing the inaccurate information and Defendant continued to publish and disseminate such inaccurate information to other credit reporting agencies.

**RESPONSE:**     No response is required from Equifax to Paragraph 25 of Plaintiff's Complaint as this Paragraph is not directed at Equifax and Equifax lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein. To the extent that any allegation in Paragraph 25 can be construed to relate to Equifax, those allegations are denied.

26.     This Defendant violated §1681n and §1681o of the FCRA by engaging in the following conduct that violates 15 U.S.C. §1681s-2(b):

(a)     willfully and negligently failing to conduct an investigation of the inaccurate information that Plaintiff disputed upon receiving notice of the dispute of the consumer from the aforesaid credit reporting agency;

(b)     willfully and negligently failing to review all relevant information concerning Plaintiff's account provided to this Defendant by the aforesaid credit reporting agency;

(c)     willfully and negligently failing to report the inaccurate status of the inaccurate information to all credit reporting agencies;

(d)     willfully and negligently failing to properly participate, investigate and comply with the reinvestigations that were conducted by any and all credit reporting agencies concerning the inaccurate information disputed by Plaintiff;

(e)     willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning the Plaintiff to credit

reporting agencies and other entities despite knowing that said information was inaccurate;

(f)  willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. §1681s-2.

**RESPONSE:**  No response is required from Equifax to Paragraph 26 of Plaintiff's Complaint as this Paragraph is not directed at Equifax and Equifax lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein. To the extent that any allegation in Paragraph 26 can be construed to relate to Equifax, those allegations are denied.

27.  This Defendant's conduct was a direct and proximate cause, as well as a substantial factor, in bringing about the injuries, damages and harm to the Plaintiff that are outlined more fully above, and as a result, Defendant is liable to compensate Plaintiff for the full amount of statutory, actual and punitive damages, along with attorneys' fees and costs, as well as such other relief, permitted by law.

**RESPONSE:**  No response is required from Equifax to Paragraph 27 of Plaintiff's Complaint as this Paragraph is not directed at Equifax and Equifax lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein. To the extent that any allegation in Paragraph 27 can be construed to relate to Equifax, those allegations are denied.

## COUNT THREE

## VIOLATIONS OF FDCPA v. UNIFUND, INC.

28.  Plaintiff re-alleges and incorporates the foregoing paragraphs 1 through 27 as if fully set forth herein.

**RESPONSE:** Responding to the allegations contained in Paragraph 28 of Plaintiff's Complaint, Defendant Equifax reasserts and realleges its answers and responses set forth herein.

29. In its attempts to collect the aforementioned debt, the Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692 in one the following way:

   a. Communicated or threatened to communicate to any person credit information which is known or which should be known to be false, including that a disputed debt is disputed in violation of 15 U.S.C. §1692e(8).

**RESPONSE:** No response is required from Equifax to Paragraph 29 of Plaintiff's Complaint as this Paragraph is not directed at Equifax and Equifax lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein. To the extent that any allegation in Paragraph 29 can be construed to relate to Equifax, those allegations are denied.

30. As a result of Defendant's violations as aforesaid, Plaintiff suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

**RESPONSE:** No response is required from Equifax to Paragraph 30 of Plaintiff's Complaint as this Paragraph is not directed at Equifax and Equifax lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein. To the extent that any allegation in Paragraph 30 can be construed to relate to Equifax, those allegations are denied.

### V. JURY TRIAL DEMAND

31.     Plaintiff demands trial by jury on all issues so triable.

**RESPONSE:**     Equifax admits that Plaintiff demands trial by jury on all issues so triable.

## VI.     PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Maria Ortiz, seeks judgment in Plaintiff's favor and damages against Defendants, based on the following requested relief:

(a)     Actual damages;

(b)     Statutory damages;

(c)     Punitive damages;

(d)     Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n, 1681o.

(e)     Such other relief as may be necessary, just and proper.

**RESPONSE:**     Equifax denies that Plaintiff is entitled to any of the relief set forth in his prayer for relief.

## DEFENSES

Without assuming the burden of proof where it otherwise rests with Plaintiffs, Equifax pleads the following defenses to the Complaint:

## FIRST DEFENSE

The Complaint and each purported cause of action therein, fails to state facts sufficient to constitute a cause of action against Equifax and further fails to state facts sufficient to entitle the plaintiff to the relief sought, or to any other relief whatsoever, from Equifax.

## SECOND DEFENSE

Plaintiff's damages, if any, were not caused by Equifax, but by another person or entity for whom or for which Equifax is not responsible.

**THIRD DEFENSE**

The Complaint is barred by the fault and negligence of other persons or entities and plaintiff's damages, if any, should be apportioned according to the principles of comparative fault.

**FOURTH DEFENSE**

The Complaint is barred by Plaintiff's failure to mitigate his damages, if any.

**FIFTH DEFENSE**

Equifax has complied with the Fair Credit Reporting Act in its handling of plaintiff's credit file and is entitled to each and every defense stated in the Act and any and all limitations of liability.

**SIXTH DEFENSE**

The Complaint is barred by the applicable statutes of limitation, including but not limited to, 15 U.S.C. § 1681p.

**SEVENTH DEFENSE**

Equifax reserves the right to have additional defenses that it learns through the course of discovery.

**EIGHTH DEFENSE**

Equifax denies each and every averment of Plaintiff's Complaint not specifically admitted in this Answer.

**NINTH DEFENSE**

Equifax asserts that some or all of plaintiff's claims may be pre-empted by section 1681h(e) of the FCRA.

## TENTH DEFENSE

Equifax asserts that some or all of plaintiff's claims are barred by qualified immunity.

## ELEVENTH DEFENSE

Plaintiff's Complaint seeks the imposition of punitive damages. Equifax adopts by reference the defenses, criteria, limitations, standards and constitutional protections mandated or provided by the United States Supreme Court in the following cases: BMW v. Gore, 517 U.S. 559 (1996); Cooper Indus., Inc. v. Leatherman Tool Group, Inc., 532 U.S. 923 (2001); State Farm v. Campbell, 538 U.S. 408 (2003); and, Phillip Morris USA v. Williams, 127 S. Ct. 1057 (2007).

## TWELFTH DEFENSE

Equifax reserves the right to have additional defenses that it learns through the course of discovery.

WHEREFORE, Equifax requests that this action be dismissed and that Equifax be awarded its costs and attorneys fees.

Respectfully submitted,

EQUIFAX INFORMATION SERVICES LLC

By:   /s/ Keasha Ann Broussard
       One of their Attorneys

John J. Curry, Jr.
Carina M. Segalini
POLSINELLI SHALTON FLANIGAN SUELTHAUS PC
180 N. Stetson Avenue, Suite 4525
Chicago, Illinois 60601
Telephone: (312) 819-1900
Facsimile: (312) 819-1910

K. Ann Broussard
KING & SPALDING LLP
1180 Peachtree Street N.E.
Atlanta, Georgia 30309-3521
Phone: (404) 572-4600
Fax: (404) 572-5100
ABroussard@kslaw.com

## CERTIFICATE OF SERVICE

The undersigned, being first duly sworn on oath, deposes and says that the foregoing **DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT** was served upon the following named parties or counsel of record:

Larry P. Smith, Esq.
LARRY P. SMITH & ASSOCIATES, LTD.
205 North Michigan Avenue, 40th Floor
Chicago, IL 60601
*Attorney for Plaintiff*

by the Court's CM/ECF system on February 15, 2008.

　　　　　　　　　　　　　　　　　　　　　　　　/s/  Keasha Ann Broussard