IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MARIA ORTIZ,                                    )
                                                )
    Plaintiff,                                  )
                                                )        07 CV 6733
    vs.                                         )        JUDGE GETTLEMAN
                                                )        MAGISTRATE JUDGE COLE
EQUIFAX INFORMATION SERVICES, INC. and )
UNIFUND, INC.,                                  )
                                                )
    Defendants.                                 )

## DEFENDANT UNIFUND'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant, Unifund CCR Partners (hereinafter referred to as "Unifund"), incorrectly sued as Unifund, Inc., by its counsel, Swanson, Martin & Bell, LLP, in response to Plaintiff's Complaint, states as follows:

### I. Preliminary Statement

1.    This is an action for damages brought by an individual consumer against the Defendant for violations of the Fair Credit Reporting Act (hereafter the "FCRA"), 15 U.S.C. § 1681 *et seq., as amended.*

**ANSWER:**    Unifund admits that Plaintiff purports to state a claim for violations of the FCRA and the Fair Debt Collection Practices Act ("FDCPA") against Unifund, but as directed to this defendant, Unifund denies that it violated the FCRA or the FDCPA, that it is liable to Plaintiff and that Plaintiff is entitled to any relief whatsoever under the FCRA or the FDCPA.

### II. Jurisdiction and Venue

2.    Jurisdiction of this Court arises under 15 U.S.C. § 1681p, 28 U.S.C. §§ 1331, 1337. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

**ANSWER:**    Unifund admits that venue and jurisdiction in this District are proper as to this defendant.

### III. Parties

3.      Plaintiff, MARIA ORTIZ, is an adult individual and citizen of the State of New Jersey.

**ANSWER:**      Unifund is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the complaint and therefore Unifund denies those allegations.

4.      Defendant, EQUIFAX INFORMATION SERVICES, INC., is a business entity that regularly conducts business throughout every state and county in the United States and as a corporation that does business in the State of Illinois, is a citizen of the State of Illinois.

**ANSWER:**      Unifund is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the complaint and therefore Unifund denies those allegations.

5.      Defendant, UNIFUND, INC., is a business entity that regularly conducts business in all cities and counties in the United States, and is a corporation whose principal place of business is located in Cincinnati, OH.  At all relevant times herein, UNIFUND, INC., LLC acted as a debt collector within the meaning of 15 U.S.C. § 1692a(6) in that it held itself out to be a company collecting a debt allegedly owed to Orchard Bank/HSBC.

**ANSWER:**      Unifund admits that its principal place of business is located in Cincinnati, Ohio. Unifund admits that it is a "debt collector" as defined by the FCRA, 15 U.S.C. § 1692a(6). Unifund denies that its name is "UNIFUND, INC.," as its name is "UNIFUND CCR PARTNERS." Unifund further denies that it is a corporation, as it is a general partnership. Unifund further denies that it held itself out to be a company collecting a debt owed to "Orchard Bank/HSBC"; at the time Unifund was attempting to collect this debt, Unifund had already purchased this charged-off consumer receivable and, as such, was attempting to collect a debt then owed to Unifund as the debt purchaser. Unifund admits that it regularly conducts business in Illinois, but denies that it regularly conducts business in "all cities and counties in the United States." Unifund denies any remaining allegations contained in Paragraph 5.

2

## IV. Allegations

## COUNT ONE
## VIOLATIONS OF FCRA V. EQUIFAX INFORMATION SERVICES, INC.

6.      Defendant has been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to third parties (hereafter the "inaccurate information").

**ANSWER:**    Count I – which is set forth in paragraphs 6 through 20 – is directed to Equifax and not Unifund. Therefore, no answer is made to the allegations in Count I. To the extent any allegation in Count I is directed to the conduct of Unifund, Unifund denies that it violated the FCRA or the FDCPA and denies that it is liable to Plaintiff in any way.

7.      The inaccurate information of which Plaintiff complains is an account or tradeline, named UNIFUND, INC. Plaintiff asserts that the accounts do not belong to Plaintiff and that she has never had an account with the underlying creditor. Defendant has disseminated credit reports and/or information that the accounts are reported accurately as belonging to Plaintiff.

**ANSWER:**    Count I – which is set forth in paragraphs 6 through 20 – is directed to Equifax and not Unifund. Therefore, no answer is made to the allegations in Count I. To the extent any allegation in Count I is directed to the conduct of Unifund, Unifund denies that it violated the FCRA or the FDCPA and denies that it is liable to Plaintiff in any way.

8.      The inaccurate information negatively reflects upon Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's credit worthiness.

**ANSWER:**    Count I – which is set forth in paragraphs 6 through 20 – is directed to Equifax and not Unifund. Therefore, no answer is made to the allegations in Count I. To the extent any allegation in Count I is directed to the conduct of Unifund, Unifund denies that it violated the FCRA or the FDCPA and denies that it is liable to Plaintiff in any way.

9.     The credit reports have been and continue to be disseminated to various persons and credit grantors, both known and unknown.

**ANSWER:**   Count I – which is set forth in paragraphs 6 through 20 – is directed to Equifax and not Unifund. Therefore, no answer is made to the allegations in Count I. To the extent any allegation in Count I is directed to the conduct of Unifund, Unifund denies that it violated the FCRA or the FDCPA and denies that it is liable to Plaintiff in any way..

10.     In early August, 2007, Plaintiff fast disputed the inaccurate information with Defendant by written communication to its representatives and by following Defendant's established procedure for disputing consumer credit information.

**ANSWER:**   Count I – which is set forth in paragraphs 6 through 20 – is directed to Equifax and not Unifund. Therefore, no answer is made to the allegations in Count I. To the extent any allegation in Count I is directed to the conduct of Unifund, Unifund denies that it violated the FCRA or the FDCPA and denies that it is liable to Plaintiff in any way.

11.     Notwithstanding Plaintiff's efforts, Defendant sent Plaintiff correspondence indicating its intent to continue publishing the inaccurate information and Defendant continued to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors.

**ANSWER:**   Count I – which is set forth in paragraphs 6 through 20 – is directed to Equifax and not Unifund. Therefore, no answer is made to the allegations in Count I. To the extent any allegation in Count I is directed to the conduct of Unifund, Unifund denies that it violated the FCRA or the FDCPA and denies that it is liable to Plaintiff in any way.

12.     Despite Plaintiff's efforts to date, Defendant has nonetheless deliberately, willfully, intentionally, recklessly and negligently repeatedly failed to perform reasonable reinvestigations of the above disputes as required by the FCRA, has failed to remove the inaccurate information, has failed to note the disputed status of the inaccurate information and has continued to report the derogatory inaccurate information about Plaintiff.

4

**ANSWER:**   Count I – which is set forth in paragraphs 6 through 20 – is directed to Equifax and not Unifund. Therefore, no answer is made to the allegations in Count I. To the extent any allegation in Count I is directed to the conduct of Unifund, Unifund denies that it violated the FCRA or the FDCPA and denies that it is liable to Plaintiff in any way.

13.   Plaintiff has been damaged, and continues to be damaged, in the following ways:

    a.   Out of pocket expenses associated with disputing the information only to find the information to remain on the credit report;

    b.   Emotional distress and mental anguish associated with having incorrect derogatory personal information transmitted about Plaintiff to other people both known and unknown;

    c.   Decreased credit score which may result in inability to obtain credit on future attempts.

**ANSWER:**   Count I – which is set forth in paragraphs 6 through 20 – is directed to Equifax and not Unifund. Therefore, no answer is made to the allegations in Count I. To the extent any allegation in Count I is directed to the conduct of Unifund, Unifund denies that it violated the FCRA or the FDCPA and denies that it is liable to Plaintiff in any way.

14.   At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of Defendant herein.

**ANSWER:**   Count I – which is set forth in paragraphs 6 through 20 – is directed to Equifax and not Unifund. Therefore, no answer is made to the allegations in Count I. To the extent any allegation in Count I is directed to the conduct of Unifund, Unifund denies that it violated the FCRA or the FDCPA and denies that it is liable to Plaintiff in any way.

15.   At all times pertinent hereto, the conduct of Defendant, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of Plaintiff herein.

5

**ANSWER:**    Count I – which is set forth in paragraphs 6 through 20 – is directed to Equifax and not Unifund. Therefore, no answer is made to the allegations in Count I. To the extent any allegation in Count I is directed to the conduct of Unifund, Unifund denies that it violated the FCRA or the FDCPA and denies that it is liable to Plaintiff in any way.

16.    At all times pertinent hereto, Defendant was a "person" and "consumer reporting agency" as those terms arc defined by 15 U.S.C. § 1681a(b) and (f).

**ANSWER:**    Count I – which is set forth in paragraphs 6 through 20 – is directed to Equifax and not Unifund. Therefore, no answer is made to the allegations in Count I. To the extent any allegation in Count I is directed to the conduct of Unifund, Unifund denies that it violated the FCRA or the FDCPA and denies that it is liable to Plaintiff in any way.

17.    At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

**ANSWER:**    Count I – which is set forth in paragraphs 6 through 20 – is directed to Equifax and not Unifund. Therefore, no answer is made to the allegations in Count I. To the extent any allegation in Count I is directed to the conduct of Unifund, Unifund denies that it violated the FCRA or the FDCPA and denies that it is liable to Plaintiff in any way.

18.    At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

**ANSWER:**    Count I – which is set forth in paragraphs 6 through 20 – is directed to Equifax and not Unifund. Therefore, no answer is made to the allegations in Count I. To the extent any allegation in Count I is directed to the conduct of Unifund, Unifund denies that it violated the FCRA or the FDCPA and denies that it is liable to Plaintiff in any way.

19.    Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, Defendant is liable to Plaintiff for engaging in the following conduct:

(a)    willfully and negligently failing to conduct a proper and reasonable reinvestigation concerning the inaccurate information after receiving notice of the dispute from the Plaintiff, in violation of 15 U.S.C. 1681i(a);

(b)    willfully and negligently failing to provide all relevant information provided by Plaintiff regarding the dispute of the inaccurate information to the furnishing entities, in violation of 15 U.S.C. § 1681i (a);

(c)    willfully and negligently failing to review and consider all relevant information submitted by Plaintiff concerning the dispute of the inaccurate information, in violation of 15 U.S.C. § 1681i(a);

(d)    willfully and negligently failing to delete the inaccurate information from Plaintiff's credit file after reinvestigation, in violation of 15 § 1681i(a);

(e)    willfully and negligently failing to note Plaintiff's dispute of the inaccurate information and in subsequent consumer reports, in violation of 15 U.S.C. § 1681i(c);

(f)    willfully and negligently failing to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, information and file, in violation of 15 U.S.C. § 1681e(b).

**ANSWER:**    Count I – which is set forth in paragraphs 6 through 20 – is directed to Equifax and not Unifund. Therefore, no answer is made to the allegations in Count I. To the extent any allegation in Count I is directed to the conduct of Unifund, Unifund denies that it violated the FCRA or the FDCPA and denies that it is liable to Plaintiff in any way.

20.    The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the injuries, damages and harm to Plaintiff that are outlined more fully above and, as a result, Defendant is liable to Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief as may be permitted by law.

**ANSWER:** Count I – which is set forth in paragraphs 6 through 20 – is directed to Equifax and not Unifund. Therefore, no answer is made to the allegations in Count I. To the extent any allegation in Count I is directed to the conduct of Unifund, Unifund denies that it violated the FCRA or the FDCPA and denies that it is liable to Plaintiff in any way.

**COUNT TWO**
**VIOLATIONS OF FCRA v. UNIFUND, INC.**

21. Plaintiff re-alleges and incorporates the foregoing paragraphs as if fully set forth herein.

**ANSWER:** Unifund restates and realleges its answers and explanations provided in paragraphs 1 through 20, above.

22. At all times pertinent hereto, this Defendant was a "person" as that term defined by 15 U.S.C. § 1681a(b).

**ANSWER:** Defendant admits the allegations contained in paragraph 22 of the complaint.

23. Upon information and belief, within five (5) days of Plaintiff notifying the aforementioned credit reporting agency, said agency notified Defendant of Plaintiff's dispute and the nature of the dispute.

**ANSWER:** Unifund is without knowledge or information sufficient to form a belief as to when the Plaintiff allegedly notified Equifax and therefore Unifund denies the allegations contained in paragraph 23. Answering and explaining further, Unifund states as follows: On or around August 20, 2007, Equifax first notified Unifund that the Plaintiff was disputing the debt. On or around August 21, 2007, Plaintiff contacted Unifund or its collection counsel directly to dispute the debt and stated that she was filing a police report and fraud alert. On or around August 21, 2007, Unifund or its collection counsel attempted to investigate this debt by asking Plaintiff to provide Unifund with a copy of that police report and to verify her social security number.  On or around September 20th, 2007, Plaintiff informed Unifund's collection counsel that she would not provide a copy of her social security card, and Unifund's collection counsel again attempted to investigate the debt by again asking her to verify her social security number and provide Unifund with a copy of the police report. On or around October 22, 2007, Plaintiff informed Unifund's collection counsel that she refused to verify her social security number and did not have a copy of the police report. On or around October 24, 2007, Unifund was notified that there was a "fraud alert" placed on

8

the account and subsequently closed the account.  On or around November 1, 2007, Unifund deleted the tradeline, notified all of the major credit reporting bureaus of that and requested that they delete the tradeline as well.  Unifund denies any remaining allegations contained in Paragraph 23.

24.    Defendant then and there owed to Plaintiff a duty to assist the credit reporting

agency in a re-investigation into the disputed facts that are being reported about Plaintiff.

**ANSWER:**    Unifund states that § 1681s-2(b)(1) of the FCRA provides that a "furnisher of information," after receiving notice from a consumer reporting agency of a consumer dispute, has a duty to "conduct an investigation with respect to the disputed information."  Pursuant to §§ 1681s-2(b)(2) and 1681i(a)(1) of the FCRA, the "furnisher of information" has thirty days (30) to do so.  Unifund further states as follows:  On or around August 20, 2007, Equifax first notified Unifund that the Plaintiff was disputing the debt.  On or around August 21, 2007, Plaintiff contacted Unifund or its collection counsel directly to dispute the debt and stated that she was filing a police report and fraud alert.  On or around August 21, 2007, Unifund or its collection counsel attempted to investigate this debt by asking Plaintiff to provide Unifund with a copy of that police report and to verify her social security number.  On or around September 20th, 2007, Plaintiff informed Unifund's collection counsel that she would not provide a copy of her social security card, and Unifund's collection counsel again attempted to investigate the debt by again asking her to verify her social security number and provide Unifund with a copy of the police report.  On or around October 22, 2007, Plaintiff informed Unifund's collection counsel that she refused to verify her social security number and did not have a copy of the police report.  On or around October 24, 2007, Unifund was notified that there was a "fraud alert" placed on the account and subsequently closed the account.  On or around November 1, 2007, Unifund deleted the tradeline, notified all of the major credit reporting bureaus of that and requested that they delete the tradeline as well.  Unifund denies any remaining allegations contained in Paragraph 24.  Unifund further denies that it violated the FCRA and denies that it is liable to Plaintiff in any way.

25.    Notwithstanding Plaintiff's efforts and Defendant's duties, Defendant continued

publishing the inaccurate information and Defendant continued to publish and disseminate such

inaccurate information to other credit reporting agencies.

**ANSWER:**    Unifund denies the allegations set forth in paragraph 25 of the complaint.

26.    This Defendant violated sections 1681n and 1681o of the FCRA by engaging in the following conduct that violates 15 U.S.C. § 1681s-2(b):

(a)    willfully and negligently failing to conduct an investigation of the inaccurate information that Plaintiff disputed upon receiving notice of the dispute of the consumer from the aforesaid credit reporting agency;

(b)    willfully and negligently failing to review all relevant information concerning Plaintiff's account provided to this Defendant by the aforesaid credit reporting agency;

(c)    willfully and negligently failing to report the inaccurate status of the inaccurate information to all credit reporting agencies;

(d)    willfully and negligently failing to properly participate, investigate and comply with the reinvestigations that were conducted by any and all credit reverting agencies concerning the inaccurate information disputed by Plaintiff;

(e)    willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning Plaintiff to credit reporting agencies and other entities despite knowing that said information was inaccurate;

(f)    willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2.

**ANSWER:**    Unifund denies the allegations contained in paragraph 26 of the complaint, including those allegations in subparagraphs (a) through (f) above.

27.    This Defendant's conduct was a direct and proximate cause, as well as a substantial factor, in causing the injuries, damages and harm to Plaintiff that are outlined more fully above, and as a result, Defendant is liable to compensate Plaintiff for the full amount of statutory, actual and punitive damages, along with attorneys' fees and costs, as well as such other relief permitted by law.

**ANSWER:**    Unifund denies the allegations contained in paragraph 27 of the complaint.

### COUNT THREE
### VIOLATIONS OF FDCPA v. UNIFUND, INC.

28.    Plaintiff re-alleges and incorporates the foregoing paragraphs 1 through 27 as if fully set forth herein.

**ANSWER:**    Unifund restates and realleges its answers and explanations provided in paragraphs 1 through 27, above.

29.    In its attempts to collect the aforementioned debt, the Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 in one the following ways:

    a.    Communicated or threatened to communicate to any person credit information which is known or which should be known to be false, including that a disputed debt is disputed in violation of 15 U.S.C. 1692e(8).

**ANSWER:**    Unifund denies the allegations contained in paragraph 29 of the complaint, including those allegations in subparagraph (a).

30.    As a result of Defendant's violations as aforesaid, Plaintiff suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

**ANSWER:**    Unifund denies the allegations contained in paragraph 30 of the complaint.

### V. Jury Trial Demand

31.    Plaintiff demands trial by jury on all issues so triable.

**ANSWER:**    Unifund has no objection to the request contained in paragraph 31.

WHEREFORE, Defendant Unifund CCR Partners, demands judgment against Plaintiff and in favor of Unifund as to the Complaint in its entirety.

### AFFIRMATIVE DEFENSES

Without prejudice to its denials or other statements in its pleadings, Defendant, Unifund CCR Partners, by and through its counsel, Swanson, Martin & Bell, LLP, states for its affirmative defenses to Plaintiff's Complaint:

### FIRST AFFIRMATIVE DEFENSE

For its first affirmative defense, Unifund states that Plaintiff fails to state a cause of action for a violation of the FCRA, 15 U.S.C. § 1681.

WHEREFORE, Defendant, Unifund CCR Partners, prays that judgment be entered in its favor and against the plaintiff, together with costs.

### SECOND AFFIRMATIVE DEFENSE

For its second affirmative defense, Unifund states that Plaintiff fails to state a cause of action for a violation of the FDCPA, 15 U.S.C. § 1692.

WHEREFORE, Defendant, Unifund CCR Partners, prays that judgment be entered in its favor and against the plaintiff, together with costs.

## THIRD AFFIRMATIVE DEFENSE

For its third affirmative defense, Unifund states as follows:

1.     Unifund had no duty to re-investigate the alleged dispute and nature of the dispute unless and until it was notified by a credit reporting agency of the dispute.  See 15 U.S.C. § 1681s-2(b).

2.     After it was notified by Equifax of the alleged dispute on or around August 20, 2007, Unifund and its collection counsel immediately attempted to investigate the dispute by asking Plaintiff to verify her social security number and to send a copy of the police report.

3.     Plaintiff refused to verify her social security number and never sent a copy of the police report.

4.     On or around October 24, 2007, Unifund was notified that there was a "fraud alert" placed on the account and subsequently closed the account.

5.     On or around November 1, 2007, Unifund deleted the tradeline, notified all of the major credit reporting bureaus of that and requested that they delete the tradeline as well.

6.     As such, Unifund timely attempted to investigate the debt upon being notified by Equifax of the dispute in compliance with FCRA, and the procedures used to process and investigate the dispute were reasonable as a matter of law.

7.     Consequently, Unifund did not violate the FCRA.

WHEREFORE, Defendant, Unifund CCR Partners, prays that judgment be entered in its favor and against the plaintiff, together with costs.

### FOURTH AFFIRMATIVE DEFENSE

For its fourth affirmative defense, Unifund alleges that all alleged injuries and damages complained of by the Plaintiff, to the extent not caused by Plaintiff's own fault, were proximately caused by the fault of third persons over whom this answering defendant exercised no control or right of control and for whose conduct this answering defendant is not responsible or liable.

WHEREFORE, Defendant, Unifund CCR Partners, prays that judgment be entered in its favor and against the plaintiff, together with costs.

### FIFTH AFFIRMATIVE DEFENSE

For its fifth affirmative defense, Unifund states that Plaintiff did not suffer any actual damages from the alleged FCRA violation and, as such, cannot recover her requested damages under FCRA for any alleged "negligence."

WHEREFORE, Defendant, Unifund CCR Partners, prays that judgment be entered in its favor and against the plaintiff, together with costs.

### SIXTH AFFIRMATIVE DEFENSE

For its sixth affirmative defense, Unifund states that Plaintiff's complaint fails to set forth facts sufficient to state a claim upon which relief may be granted against Unifund and further fails to state facts sufficient to entitle Plaintiff to the relief sought, or to any relief whatsoever from Unifund.

WHEREFORE, Defendant, Unifund CCR Partners, prays that judgment be entered in its favor and against the plaintiff, together with costs.

14

## SEVENTH AFFIRMATIVE DEFENSE

For its seventh affirmative defense, Unifund states as follows:

1.      Pursuant to 15 U.S.C. § 1692k(c), "[a] debt collector may not be held liable in any action brought under [the FDCPA] if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such error."

2.      On information and belief, if any FDCPA violation is found, that said violation was not intentional.

3.      On information and belief, if any FDCPA violation is found, that said violation resulted from a bona fide error.

4.      On information and belief, if any FDCPA violation is found, Unifund maintained procedures reasonably adapted to avoid any such error.

5.      Therefore, Unifund is protected from any liability under the "bona fide error" defense pursuant to 15 U.S.C. § 1692k(c).

WHEREFORE, Defendant, Unifund CCR Partners, prays that judgment be entered in its favor and against the plaintiff, together with costs.

## EIGHTH AFFIRMATIVE DEFENSE

For its eighth affirmative defense, Unifund states it reserves the right to have additional defenses that it learns through the course of discovery.

WHEREFORE, Defendant, Unifund CCR Partners, prays that judgment be entered in its favor and against the plaintiff, together with costs.

Respectfully submitted,

SWANSON, MARTIN & BELL LLP

 /s/ Kathleen A. Kelley
One of the Attorneys for Unifund CCR Partners

Joseph P. Kincaid
Kathleen A. Kelley
SWANSON, MARTIN & BELL LLP
330 N. Wabash Avenue, Suite 3300
Chicago, Illinois 60611
Telephone – 312/321-9100
Facsimile – 312/321-0990